Edmund J. Ferdinand, III (EF9885)
Jferdinand@24iplg.com
FERDINAND IP, LLC
450 Seventh Avenue, Suite 1300
New York, New York 10123
(212) 220-0523

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DTC DIGITAL, INC.,                                          :
                                                            :
      Plaintiff,                :
                                                            : **COMPLAINT**
  -against-                                       :
                                                            :
LOOP JEWELRY, LLC,                                          :
                                                            :
      Defendant.                :
-------------------------------------------------------------X

  Plaintiff, DTC Digital, Inc. ("DTC" or "Plaintiff"), as and for its Complaint against Defendant, Loop Jewelry, LLC ("Loop LLC" or "Defendant"), respectfully alleges as follows:

INTRODUCTION

  1. Plaintiff brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory relief that its registration and use of the trademarks and brands "Loop," "Loop & Logo Design" and "Loop Jewelry" (the "Accused Marks") in connection with the sale of personalized bridal jewelry to sophisticated consumers at high price points on its e-commerce web site located at www.LoopJewelry.com does not infringe upon the alleged common law trademark rights claimed by Loop LLC arising from its use of "Loop" and "Loop Jewelry" in connection with the sale of handmade jewelry sold at low prices primarily on the Etsy.com web site. An actual controversy exists between the parties following the issuance of a cease and desist letter from Loop LLC's counsel on December 18, 2018 threatening to shut down Plaintiff's

1

www.LoopJewelry.com site and Loop LLC's filing with the U.S. Patent and Trademark Office ("PTO") of an intent to oppose certain U.S. Federal Trademark Applications for the Accused Marks. Plaintiff has no adequate remedy at law.

## PARTIES

2. Plaintiff is a Delaware corporation with its principal place of business located at 30-30 47th Avenue, Suite 520, Long Island City, New York 11101. Plaintiff is licensed to do business in New York.

3. Upon information and belief, Defendant is an Oregon limited liability company with its principal place of business located at 6629 SE Harold Street, Portland, Oregon 97206.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this declaratory judgment action pursuant to 28 U.S.C. §§ 2201(a), 2202; 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338. The claims asserted arise under and require interpretation of the Federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

5. The Court has personal jurisdiction over the Defendant by virtue of the fact that, upon information and belief, Defendant has transacted business by offering to sell and selling merchandise within the State sufficient to confer the Court's proper exercise of jurisdiction over Defendant in the State.

6. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff owns and operates the e-commerce web site www.LoopJewelry.com on the Internet. LoopJewelry.com is a new concept in the bridal jewelry industry that provides for consumer interaction and personalization in the design and purchasing process of high quality

bridal jewelry products on the Web, similar to the way that Warby Parker has revolutionized the purchase of eyewear. The products available on the LoopJewelry.com site are limited to bridal jewelry only, namely diamond engagement rings and wedding bands. The diamond engagement rings on the site are available for sale at prices that are commensurate with the price of high quality bridal jewelry, namely thousands of dollars and, depending on the size and quality of the diamond, up to tens of thousands of dollars. The site is marketed to highly sophisticated, millennial consumers who are searching for personalization and interactivity with the selection and purchase of diamond engagement rings. Plaintiff attaches screenshots at Exhibit A of its LoopJewelry.com site and social media marketing to demonstrate the company's unique and upscale marketing to the millennial consumer demographic. After months of web site development, consumer research, product development and a long period of beta-testing, the LoopJewelry.com site launched to the public on April 24, 2018.

8. The dominant feature of the branding on Plaintiff's LoopJewelry.com site is the Loop & Logo Design mark featured on the top of each page of the site:

**LOOP 8**

The commercial impression of Plaintiff's Loop & Logo Design mark is meant to speak to the engagement relationship by depicting two interlocking elements.

9. Plaintiff is the exclusive licensee from Jewelry IP, LLC of the following approved U.S. Federal Trademark Applications (the "Loop Federal Trademark Applications"):

| Mark | Application No. | Class(es) of Goods |
| --- | --- | --- |
| Loop | 88/035,106 | Bridal jewelry (Class 14) |
| Loop | 88/035,152 | On-line retail store featuring personalized bridal jewelry (Class 35) |
| Loop | 87/575,229 | Mobile app for sale of bridal jewelry (Class 09) |
| Loop & Logo Design | 87/588,128 | Goods and services in Classes 09, 14 and 35 |

3

10. Upon information and belief, Loop LLC owns and operates a jewelry company started by a husband and wife team that features handmade works that are sold primarily on Etsy.com and the company's web site located at www.LoopJewelrypdx.com. Upon information and belief, the "pdx" portion of the domain name refers to Portland, Oregon, where the company is located and which appears to be an integral part of the company's branding.

11. Upon information and belief, Loop LLC does not sell bridal jewelry or rings of any kind. Instead, the company sells necklaces and earrings that are inspired by geometric motifs of the Art Deco era. The price points on Etsy.com are mainly between $40 - $80. The jewelry prices are in the low-end of the jewelry market, and therefore the target market is the inexpensive accessory consumer base. Examples of the company's products are reproduced here for ease of reference as offered for sale on the Company's site and on the Etsy.com site:





12. By letter dated December 18, 2018, Loop LLC, through counsel, demanded that Plaintiff cease and desist from any further efforts to offer to sell, sell, market, advertise or promote bridal jewelry using the Accused Marks in the United States. A copy of the letter is attached hereto at Exhibit B. Defendant does not allege ownership of any U.S. Federal Trademark Applications or Registrations with the PTO and instead claims rights to the "Loop" and "Loop Jewelry" marks at common law.

13. On December 20, 2018, Plaintiff received notice that Loop LLC had filed a request for extension of time indicating an intention to oppose Jewelry IP, LLC's U.S. Federal Trademark Application Serial No. 88/035,152 for the mark "Loop" for use in connection with on-line retail store services featuring personalized bridal jewelry in Class 35.

14. Defendant has wrongfully accused Plaintiff of committing acts of trademark and infringement and unfair competition. There is no possibility of consumer confusion between Plaintiff's claimed common-law trademark rights in the "Loop" and "Loop Jewelry" marks for use in connection with handmade necklaces and earrings that are sold for less than $100 on Etsy.com and Plaintiff's use of the Accused Marks in connection with the sale of diamond engagement rings

5

that are sold for thousands (and even tens of thousands) of dollars to sophisticated consumers exclusively on its own LoopJewelry.com site. The commercial impression and consumer appeal of the products used by the parties are entirely different, and certainly different enough to ensure that consumer confusion is not likely. Indeed, Plaintiff is not aware of the existence of any evidence of actual consumer confusion between the parties or their trademarks, and Defendant's counsel has not referenced the existence of any such evidence. As such, Plaintiff maintains that the parties can and should safely co-exist in the market under their current branding conventions because there is no danger of consumer confusion.

15. Nevertheless, Defendant's aggressive cease and desist letter threatening to commence a lawsuit with the stated intention of shutting down Plaintiff's e-commerce web site has created a cloud over Plaintiffs continued operation of its LoopJewelry.com site and over its right to continued enjoyment of its license for the U.S. Federal Trademark Applications for the Accused Marks owned by Jewelry IP, LLC. As a result, an actual and justiciable controversy exists between the parties, and Plaintiff requires the Court's intervention to resolve the dispute. Plaintiff has no adequate remedy at law.

CLAIM FOR RELIEF

**Declaration of Non-Infringement and No Federal Unfair Competition
15 U.S.C. § 1125(a)**

16. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 15 above as is fully set forth herein.

17. An actual controversy exists between Plaintiff and Defendant under 15 U.S.C.§ 1125(a).

18. Plaintiff's use of the Accused Marks in connection with the sale of personalized bridal jewelry to sophisticated consumers at high price points on its e-commerce web site located

at www.LoopJewelry.com is not likely to cause confusion, mistake or deception among the consuming public as to the source, origin, association, sponsorship or endorsement of the goods, or as to the relationship, sponsorship, connection, or affiliation of Plaintiff and Defendant, the "Loop" and "Loop Jewelry" trademarks and/or the accused goods.

19. Plaintiff is entitled to a declaratory judgment from this Court that its use of the Accused Marks does not infringe any rights allegedly held by Defendant in the "Loop" and/or "Loop Jewelry" marks, nor does it constitute acts of passing off or federal unfair competition, under 15 U.S.C. § 1125(a).

20. Plaintiff further is entitled to a declaratory judgment that the Loop Federal Trademark Applications are all valid and subsisting and should mature to registration because there is no likelihood of confusion between the marks of the Loop Federal Trademark Applications and any marks owned by Defendant at common law.

21. Plaintiff asserts that this is an exceptional case such that Defendant should be required to pay Plaintiff's reasonable attorneys' fees and costs in accordance with 15 U.S.C. § 1117 and other just and proper relief, as permitted by federal law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. A declaration that Plaintiff has not infringed any trademark rights owned by Defendant;

B. A declaration that Plaintiff has not committed acts of false designation of origin, false or misleading description of fact, false or misleading representation of fact or unfair competition under federal law or otherwise violated Defendant's legal rights;

C. That Defendant, its officers, agents, servants, employees and attorneys and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Plaintiff or any of its related affiliates, or anyone in privity with them with respect to Plaintiff's licensed use of the Accused Trademarks for use in connection with bridal jewelry products;

D. A declaration that the Loop Federal Trademark Applications are all valid and subsisting and should mature to registration because there is no likelihood of confusion between the marks of the Loop Federal Trademark Applications and any marks owned by Defendant at common law;

E. That Defendant be required to pay Plaintiff its reasonable attorney's fees and costs in connection with this action pursuant to 15 U.S.C. § 1117; and

F. That Plaintiff have such other and further relief as the Court deems just and appropriate.

Dated: December 27, 2018

        Respectfully submitted,

        FERDINAND IP, LLC

By: *Edmund J. Ferdinand, III*
        Edmund J. Ferdinand, III (EF 9885)
        Jferdinand@24iplg.com
        450 Seventh Avenue, Suite 1300
        New York, New York 10123
        (212) 220-0523

        *Attorneys for the Plaintiff*